UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARY E. FOREMAN, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) NO. 1:10-cv-01489-MJD-LJM |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| COMMISSIONER OF SOCIAL | ) |
| SECURITY | ) |
| | ) |
| Defendant. | ) |

# Entry on Judicial Review

Plaintiff Mary E. Foreman requests judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for Social Security Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act"). *See* 42 U.S.C. §§416(i); 423(d). The Court rules as follows.[1]

## I. Procedural History

Foreman applied for DIB in March 2007, alleging a disability onset date of September 1, 1995.[2] Her insured status for DIB expired on December 31, 1995. Foreman's application was denied initially and on reconsideration. Foreman requested a hearing, and three hearings were held before Administrative Law Judge ("ALJ") L. Zane Gill on April 7, 2009, August 5, 2009 and November 17, 2009. The ALJ denied her application on April 26, 2010. On October 7, 2010, the Appeals Council denied review, making the ALJ's decision the agency's final decision

---

[1] The parties consented to the magistrate judge conducting all proceedings and ordering the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.
[2] This is Foreman's fourth claim for disability benefits from the Social Security Administration.

1

for purposes of judicial review. Foreman filed her Complaint with this Court on November 19, 2010.

## II. Factual Background and Medical History

Foreman worked as an automobile assembler in a General Motors ("GM") factory from 1972 until 1989. In 1989, GM released Foreman from work and put her on disability retirement. According to Foreman, GM released her because she had several medical restrictions which GM could not accommodate. She could not lift over ten pounds, could not lift her arms over her head due to pain, and suffered from a foot injury that occurred on the job at GM that made it difficult for her to walk. After being placed on disability retirement from GM, Foreman took care of her mother and young daughter, and became active in her daughter's school programs and basketball practice. Foreman testified that she did not look for another job because she was afraid that GM would cease paying her disability benefits, but that she might have been able to work another job.

Plaintiff alleges a disability onset date of September 1, 1995 and her last insured date was December 31, 1995. No medical records were provided to the ALJ from that time period or following that time period. The record contains several responses to requests for evidence in which the medical facility or practitioner asserted that Foreman's records do not exist or could not be retrieved. The only medical evidence in the record that is close to the alleged disability period is a May 22, 1995 visit to Foreman's primary care physician, Dr. Mead. During the May 1995 visit, Foreman complained of left shoulder pain, esophageal reflux and shortness of breath that had occurred four weeks prior to her appointment. She reported that she took no medication for her shoulder pain, and that performing yard work actually improved her condition. In April 2007, state agency medical consultant Dr. Montoya concluded that Foreman's medical record

was insufficient to evaluate her physical impairments as of December 31, 1995, a finding that was corroborated by another state medical consultant, Dr. Corcoran, in July 2007.

Foreman provided the Appeals Council with a 2009 letter from a physician, Dr. Jose Tord, who treated her until his retirement in 2000, stating that he treated her for gastrointestinal functional disease and chronic obstructive lung disease, but that he had no medical records pertaining to Foreman, and that her tests were done at Winona Hospital, which is now closed. [Tr. 280]. Foreman also provided the Appeals Council with a 1990 record from Dr. John Moe, the Plant Medical Director at GM, which stated that Foreman was on total and permanent disability retirement and could not perform any job at that plant. [Tr. 282] Dr. Moe noted that Foreman had weakness, inability to lift, difficulty squatting, right upper abdominal pain with incisional hernia, and paranoid personality.

### III. Applicable Standard

Disability is defined as "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). In order to be found disabled, a claimant must demonstrate that her physical or mental limitations prevent her from doing not only her previous work, but any other kind of gainful employment which exists in the national economy, considering her age, education, and work experience. 42 U.S.C. § 423(d)(2)(A).

In determining whether a claimant is disabled, the Commissioner employs a five-step sequential analysis. At step one, if the claimant is engaged in substantial gainful activity she is not disabled, despite her medical condition and other factors. 20 C.F.R. § 404.1520(b). At step two, if the claimant does not have a "severe" impairment (i.e., one that significantly limits her

3

ability to perform basic work activities), she is not disabled. 20 C.F.R. § 404.1520(c). At step three, the Commissioner determines whether the claimant's impairment or combination of impairments meets or medically equals any impairment that appears in the Listing of Impairments, 20 C.F.R. pt. 404, subpt. P, App. 1, and whether the impairment meets the twelve-month duration requirement; if so, the claimant is deemed disabled. 20 C.F.R. § 404.1520(d). At step four, if the claimant is able to perform her past relevant work, she is not disabled. 20 C.F.R. § 404.1520(f). At step five, if the claimant can perform any other work in the national economy, she is not disabled. 20 C.F.R. § 404.1520(g).

In reviewing the ALJ's decision, the ALJ's findings of fact are conclusive and must be upheld by this court "so long as substantial evidence supports them and no error of law occurred." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *id*., and this Court may not reweigh the evidence or substitute its judgment for that of the ALJ. *Overman v. Astrue*, 546 F.3d 456, 462 (7th Cir. 2008). The ALJ "need not evaluate in writing every piece of testimony and evidence submitted." *Carlson v. Shalala*, 999 F.2d 180, 181 (7th Cir. 1993). However, the "ALJ's decision must be based upon consideration of all the relevant evidence." *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994). The ALJ is required to articulate only a minimal, but legitimate, justification for his acceptance or rejection of specific evidence of disability. *Scheck v. Barnhart*, 357 F.3d 697, 700 (7th Cir. 2004). In order to be affirmed, the ALJ must articulate his analysis of the evidence in his decision; while he "is not required to address every piece of evidence or testimony," he must "provide some glimpse into [his] reasoning ... [and] build an accurate and logical bridge from the evidence to [his] conclusion." *Id.*

## IV. The ALJ's Decision

The ALJ first found that Foreman had met the insured status requirements of the Act on December 31, 1995. Applying the five-step analysis, the ALJ found at step one that Foreman had not engaged in substantial gainful employment activity during the period from her alleged onset date of September 1, 1995 through her date of last insured of December 31, 1995. At step two, the ALJ found that Foreman's medically determinable impairments included shortness of breath, left shoulder pain, and esophageal reflux. At step three, the ALJ determined that through the date last insured, Foreman did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1, therefore finding that Foreman was not disabled.

## V. Discussion

Foreman argues that the ALJ's decision is not supported by substantial evidence. Specifically, Foreman argues that substantial evidence fails to support the agency's determination that she was not disabled before her disability insurance expired on December 31, 1995, and that the ALJ and the Appeals Council ignored Social Security Ruling 83-20: Titles II and XVI: Onset of Disability ("SSR 83-20").

First, SSR 83-20 is not applicable under these circumstances. SSR 83-20 "addresses the situation in which an administrative law judge makes a finding that an individual is disabled as of an application date and the question arises as to whether the disability arose at an earlier time." *Scheck*, 357 F.3d at 701. The ALJ did not find that Foreman was disabled; therefore there was no need to determine an onset date. SSR 83-20 is irrelevant in this case.

Foreman's argument that substantial evidence fails to support the agency's determination and that the ALJ and the Appeals Council erroneously rejected evidence of her disability are also

5

unavailing. The claimant "bears the burden of proof of producing medical records showing her impairment." *Denton v. Astrue*, 596 F.3d 419, 424 (7th Cir. 2005). Foreman claims that her onset date was September 1, 1995 and her disability insurance coverage expired on December 31, 1995; however, she presented no medical evidence to the ALJ documenting her disability during or after this time period. The only medical record presented to the ALJ that is close in proximity is the record from one visit to Dr. Meade. However, those records show that Foreman did not take any medication for her shoulder pain and that the pain improved when she did yard work, and a chest x-ray showed no disease related to her shortness of breath. Additionally, there is no indication that Dr. Meade treated Foreman's reflux disorder. This evidence, along with Foreman's own testimony regarding her opinion that she could possibly have worked another job, is consistent with the ALJ's finding that Forman's medical conditions were not severe or disabling. Foreman has failed to meet her burden of presenting sufficient evidence to the ALJ to prove the existence of her disability.

With regard to the evidence that Foreman provided to the Appeals Council that was not before the ALJ, consisting of the records from Drs. Tord and Moe, Foreman claims that this evidence was within the period in which she claims disability and that the statements determine that she was totally disabled during that time. Although technically a part of the administrative record, this evidence cannot be used as a basis for a finding of reversible error. *See Luna v. Shalala*, 22 F.3d 687, 689 (7th Cir. 1994). Where the Appeals Council has refused review of a case, the decision that is reviewed in this Court is that of the ALJ, and the correctness of that decision depends upon the evidence that was properly before him. *Eads v. Sec'y of Dep't of Health and Human Servs.*, 983 F.2d 815, 817 (7th Cir. 1993). The Appeals Council's denial of a

request for review of the ALJ's decision is not subject to review by this Court. *See Damato v. Sullivan*, 945 F.2d 982, 989 (7th Cir. 1991).

## VI. Conclusion

For the reasons set forth above, the Commissioner's decision is **AFFIRMED**.

Dated: 09/26/2011

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution List:

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov

Patrick Harold Mulvany
patrick@mulvanylaw.com